Faecy, Circuit Judge,
sitting by designation, delivered the opinion of the court:
Plaintiff sued for refund of $13,156.94, plus statutory interest, representing payment of federal income taxes and interest for the year 1945. The basic facts are stipulated. The legal question is whether for the year 1945 plaintiff was entitled to deduct as a business expense, under 26 U.S.C. §23 (1952), certain vacation payments actually made to its employees during 1945, and, in addition, amounts representing vacation pay which accrued that year.
Prior to 1945 an employee would lose the right to vacation pay which he otherwise would receive if he voluntarily resigned, was discharged for cause or failed to take his va *276 cation before retirement. Further, no vacation compensation was paid to the estates of employees who had died without having taken the vacation. In March 1945, effective January 1 of that year, the plan was changed. Under the new plan an employee is entitled to pay for a vacation accrued notwithstanding his service is terminated due to permanent lay-off, voluntary resignation, involuntary resignation due to sickness, or discharge, except for dishonesty. The estate of an employee who dies also obtains vacation monies “equal to the amount the deceased would have received as vacation pay had the accrued vacation been taken. * * *”
Although plaintiff used the accrual method of accounting in its income tax returns prior to 1945 it did not claim vacation pay deductions on an accrual basis for the years through 1946. It deducted only payments made during the tax year. In 1947 the Internal Bevenue Service announced that taxpayers in general on certain conditions could deduct an accrual for vacation pay. Accordingly, in its return for that year plaintiff claimed for the first time a deduction for vacation payments made during 1947 and, in addition, the amount that accrued as a liability for 1947. There followed an audit by the Internal Bevenue Service covering plaintiff’s returns for the years 1943-47 inclusive. In its audit the Service not only disallowed the deduction for payments actually made in 1947 but also disallowed all similar deductions for the years 1943-46, contending that both prior and subsequent to the 1945 amendment plaintiff should have reported vacation deductions on an accrual basis rather than on the paid-out basis actually employed.
In the readjustments incident to its accrual method of calculation the Service found some increases in the allowable deductions for 1943 and 1944, and also for 1945 insofar as accruals alone were concerned. But the total deductions claimed by taxpayer for 1945, the first year of operations under the new plan, exceeded the Service computations due to taxpayer’s claim of deductions for payments actually made that year under the old plan as well as those accrued under the new.
*277 The question comes down to whether prior to the 1945 amendment the liability of plaintiff for vacation pay was so fixed and certain as necessarily to require deduction each year on an accrual basis. We think not, in the absence of any regulation so prescribing. As previously noted, payment to an employee was not to be made under the old plan if, after qualifying for vacation pay, the employee voluntarily resigned, was discharged for cause, failed to take his vacation before retirement, or died before taking his vacation. Plaintiff construes these provisions as conditions precedent to any liability on its part, that is, the employee was required to be in the employ of the employer at the time of the scheduled vacation: until this condition was met there was no liability which would warrant taking a deduction on an accrual basis. While in the several court decisions cited to us by the parties statements may be found which might be advanced on both sides of this question, we think plaintiff’s position is a reasonable one.
“When * * * the obligation to pay is contingent upon the happening of some future event, there is no certainty that it will be paid or will accrue.” Helvering v. Russian Finance & Construction Corp., 77 F.2d 324, 327 (2d Cir.1935). And in Tennessee Consolidated Coal Co., 15 T.C. 424 (I960), the court disallowed deductions for vacation pay on an accrual basis because the taxpayer’s liability was not absolute, stating, “Liability for payment in the instant case depended on a condition precedent, i.e., whether or not the miners, individually, were working for the company on the date [of the proposed payments] required in the contract. * * *” Here the original plan required no less. Moreover, it was reasonable for plaintiff to conclude that under the original vacation plan its income would be more clearly reflected, see §§ 41 and 43 of the Internal Revenue Code of 1939, by deducting only vacation payments actually made.
It is noted that in 1958 the Internal Revenue Service in its Rev. Rui. 58-340,1958 Int. Rev. Bull. No. 28, at 19, ruled:
Accrual-method taxpayers who have been deducting vacation pay on a paid basis and who adopt completely vested vacation pay plans may deduct, in the tax *278 able year in which, they adopt such a plan, payments made during such taxable year under the old plan as well as vacation pay accrued at the end of such taxable year under the new vested plan.
Although, of course, this ruling was not in effect at times here relevant, it is present approval of the course adopted by plaintiff at an earlier period.
While, as we have indicated, the case is not free of doubt, we are constrained to hold that the plaintiff was justified in not utilizing the accrual system in taking its deductions for vacation pay prior to the 1945 amendment. After the amendment, which eliminated the uncertainty, plaintiff in the transition year 1945 should be permitted to deduct the payments made in that year plus an amount representing the liability accrued at the end of the year.
Plaintiff is therefore entitled to recover with interest thereon as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Pule 38 (c).
Laeamoee, Judge; Maddex, Judge; Whitakee, Judge; and JONES, Chief Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the stipulation of facts by the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff, Texaco-Cities Service Pipe Line Company, is a corporation organized under the laws of the State of Delaware, having had its principal office at Tulsa, Oklahoma and now at the Melrose Building, Houston, Texas.
2. Plaintiff was formerly known as The Texas-Empire Pipe Line Company, and, by an amendment of its certificate of incorporation filed with the Office of Secretary of State of the State of Delaware on December 23, 1954, changed its name to Texaco-Cities Service Pipe Line Company effective January 1, 1955.
3. Within the time required by law the plaintiff filed its Federal income tax return for the year 1945 using the accrual method of accounting with the Collector of Internal *279 Revenue, Oklahoma City, Oklahoma (now District Director of Internal Revenue), and on or before the date fixed by law for payment of taxes in installments, plaintiff paid income taxes in the amount of $1,312,778.33 shown to be due on said return to the said Collector of Internal Revenue.
4. The Commissioner of Internal Revenue upon examination and audit of said return proposed a deficiency for the year 1945 in the amount of $11,975.21. The deficiency, together with interest of $3,043.02 was paid by the plaintiff to the said Collector of Internal Revenue on June 16, 1950.
5. The plaintiff, a common carrier organized in 1928 to operate a crude oil pipe line system between points of oil production in the Mid-Continent area and refineries in Illinois and Indiana, had a vacation plan which had been the subject of collective bargaining with a labor union which was certified as the sole collective bargaining agency by the National Labor Relations Board in 1940.
6. In a Resolution of the Board of Directors of the plaintiff adopting a vacation plan effective January 1, 1940, it was provided that an employee voluntarily resigning, waived his right to accrued vacation even though he gave his customary two weeks’ notice of resignation. Also, it was provided that an employee lost all rights to accrued vacation if he failed to take his vacation before retirement. Likewise, no vacation compensation was paid to the estates of employees having died. The exceptions to the rule denying compensation for an accrued vacation not taken while in the employ of the Company were in the cases of involuntarly resignations and permanent layoffs. The above rules for vacation were in effect through 1944.
7. On March 27,1945, the Board of Directors of the plaintiff adopted a resolution amending the vacation plan, effective January 1,1945. The amended vacation plan provided that an employee was entitled to accrued vacation pay on the termination of his employment except that the Company reserved the right to withhold payment of vacation monies in cases where an employee was discharged for committing a dishonest act, causing loss of property or money to the Company.
*280 8. The plaintiff in its income tax returns for calendar years through 1946 reported vacation payments as deductions in the year paid. The Revenue Service announced in 1947 that taxpayers could claim an accrual for vacation pay if certain conditions were met. GCM 25261, C. B. 1947-2, p. 44; I. T. 3956, C. B. 1949-1, p. 78.
9. The plaintiff in its return for the year 1947, for the first time, claimed a deduction for the vacation payments, made during 1947 plus the amount that was accrued as a liability for the year 1947.
10. Upon examination and audit of the returns of the-plaintiff for the years 1943-1947, inclusive, the Internal Revenue Service disallowed the deduction claimed by the taxpayer for the payment in the year 1947. The Internal Revenue Agent in his report, dated March 10, 1950, for the years 1943-1947 disallowed the deduction claimed in the-returns for vacation payments actually paid for all years- and instead allowed an accrual for vacation pay. For example, on page 3 of his report he states as follows:
(b) 1942 vacation pay deducted in 1943 in the amount of $20,311.71 has been disallowed as a deduction since the taxpayer is on the accrual basis and proper allowance has been made in the schedule for the actual vacation pay allowance for the current year.
Similar adjustments were made for the years 1944 through-1946, inclusive. With regard to the 1947 income tax return,, the report on pages 16 and 17 states as follows :
(c) 1946 vacation pay claimed in the amount of $46,-298.89 has been disallowed as a deduction since the-taxpayer is on the accrual basis and proper allowance-has been made in this schedule for the actual vacation pay accrual for the current year.
* # * *
SCHEDULE 12-B EXPLANATION OF ITEMS UNCHANGED YEAR 1947

Vacation fay accrual for 19Jf7

Taxpayer charged profit and loss with vacation pay accrual for the year 1947 (See Exhibit W of this report) with-$46,902.00-
*281 and in Schedule M of the return claimed an additional deduction for this accrual in the amount of— 5, 519.20
Total claimed_$52,421.20
In addition to this accrual set up in 1947, the taxpayer also charged profit and loss with the actual vacation pay payments made in 1947 for the year 1946. Since this amount has been allowed as a deduction for the year 1946 (see Schedule 10 of this report) the payment has been charged against the accrual account when actually paid in 1947.
11. The plaintiff in claiming a deduction of $57,351.05 for the year 1945 for vacation pay is claiming that it should he allowed a deduction of $26,227.66 representing vacation payments made to employees during the year 1945 resulting from service prior to 1945 under vacation plan then in effect and $31,123.39 representing an accrual of vacation pay liability resulting from service during the year 1945 which became payable during and subsequent to 1945 under the vacation plan, as amended, which was in effect in 1945.
12. The following is a schedule showing the vacation payments and accruals for the years 1943 through 1947 showing the amounts that have been allowed by the Revenue Service and the amounts that the plaintiff claims should be allowable:

Amounts Claimed To Be Vacation Allowed by Allowable by Year Payments I. É. S. Taxpayer

1943 _$20,311.71 $23,385.32 $20,311.71
1944 _ 23,385.32 26,227.66 23,385.32
1945 _ 26,227.66 31,123.39 57,351.05
1946 _ 31,123.39 46,298.89 46,298,89
1947 _ 46,298.89 52,421.20 52,421.20
The inclusion of the amounts under the heading, “Amounts Claimed To Be Allowable by Taxpayer” is not deemed an admission by the defendant that such amounts are allowable.
13. The plaintiff, as stated in finding 4 above, paid the deficiency plus interest thereon which the Commisisoner of Internal Revenue claims was due as a result of its disallowance of vacation pay as an accrual for the year 1945.
14. On June 5, 1952, the plaintiff filed with the Collector of Internal Revenue, Oklahoma City, Oklahoma, a claim for refund (Treasury Department Form 843) for Federal income taxes.
*282 15. Said claim for refund of Federal income taxes for the year 1945 has been rejected by the Commissioner of Internal Revenue in a notice mailed to the plaintiff by registered mail on May 24, 1955, by the District Director of Internal Revenue, OHahoma City, Oklahoma.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover together with interest thereon as provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c).
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on May 13, 1959, that judgment for the plaintiff be entered for $13,156.94, plus interest on the overpayment as provided by law from June 19, 1950, less a tax deficiency for the year 1943 of $1,229.43, plus interest as provided by law on such deficiency from March 15, 1944, and less a tax deficiency for the year 1944 of $1,136.94, plus interest as provided by law on such deficiency from March 15, 1945.